**2511-CC01527**

Electronically Filed - St Charles Circuit Div - November 06, 2025 - 11:18 AM

## IN THE CIRCUIT COURT OF ST. CHARLES COUNTY
## STATE OF MISSOURI

FRANCES DUBOSE,         )
         )
        Plaintiff,      )
         )
v.         )     Cause No.: _____
         )
DILLARD'S, INC.,      )     **JURY TRIAL DEMANDED**
         )
Serve Registered Agent:     )
Registered Agent Solutions, Inc.  )
5661 Telegraph Road Ste. 4B.   )
St. Louis, MO 63129      )
         )
        Defendant.    )

## PETITION

COMES NOW Plaintiff Frances Dubose, by and through her undersigned counsel, and for her Petition against Defendant Dillard's, Inc., states:

1. Plaintiff Frances Dubose ("Plaintiff") is and at all times relevant was a citizen and resident of St. Charles County, in the State of Missouri.

2. Defendant Dillard's, Inc., ("Defendant" or "Dillard's") is and at all times relevant was a corporation incorporated in Delaware with its principal place of business located at 1600 Cantrell Rd., Little Rock, Arkansas 72201. Dillard's operates department stores throughout the United States, including multiple stores in the State of Missouri. Dillard's can be served through its registered agent listed above.

3. Dillard's owns, operates, maintains, manages, and controls a Dillard's store, Dillard's #309, located at 2 Mid Rivers Mall Dr., Saint Peters, Missouri 63376, in Saint Charles County ("Dillard's Saint Peters"). Plaintiff was injured while on the premises of Dillard's Saint Peters, therefore venue is proper in this Circuit Court.

- 1-

EXHIBIT A

Electronically Filed - St Charles Circuit Div - November 06, 2025 - 11:18 AM

4.      The amount in controversy, exclusive of interest and costs, exceeds $25,000. Therefore, jurisdiction is proper in this Circuit Court.

5.      Dillard's Saint Peters is open to and invites the general public to its premises for the purpose of engaging in business.

6.      On or about January 9, 2023, Plaintiff was an invitee at Dillard's Saint Peters when she tripped and fell as a result of her right foot contacting and catching on the edge of a rug that was torn and defective.

7.      Upon tripping on the aforementioned rug, Plaintiff twisted her right foot and ankle and fell to the ground on her left side, thereby sustaining injuries to her right foot and ankle, left knee, hip, and elbow, and both shoulders.

8.      At the time of the aforementioned trip and fall, Plaintiff was using reasonable care for her safety and was looking where she was walking.

9.      The rug on which Plaintiff tripped and fell was located near an ingress/egress where invitees and guests regularly walk.

10.     The rug on which Plaintiff tripped and fell constituted a dangerous, defective, and hazardous condition on Dillard's premises because the torn edges of such rug created a tripping hazard to guests and invitees, including Plaintiff.

11.     The dangerous condition on Defendant's premises created a reasonably foreseeable risk of harm to Plaintiff and others of the kind of injuries which Plaintiff sustained.

12.     Dillard's should keep its entire premises, including ingresses/egresses where invitees and guests regularly walk, safe and free from dangerous conditions.

13.     Dillard's, through its employees, agents and/or servants knew, or through the exercise of ordinary care, could have known of the dangerous condition on its premises prior to, and at the time of, Plaintiff's injuries described herein.

Electronically Filed - St Charles Circuit Div - November 06, 2025 - 11:18 AM

14.     Defendant has actual or constructive notice of the dangerous condition on its premises in sufficient time prior to Plaintiff's injuries to have taken measures to protect against the dangerous condition.

15.     Dillard's, through its employees, agents and/or servants, failed to use ordinary care and was negligent in one or more of the following respects:

a.   Failed to remove, replace, or repair the subject rug;

b.   Failed to warn Plaintiff of the dangerous and defective rug;

c.   Failed to barricade the subject rug and nearby ingress/egress;

d.   Failed to move the rug far enough from the door to prevent tearing of the edges of the rug caused by the door;

e.   Failed to reasonably inspect its premises and failed to discover and/or remediate the dangerous condition; and

f.   Failed to maintain a safe walking space where invitees, including Plaintiff, regularly walk.

16.     As a direct and proximate result of Defendant's negligence described herein, Plaintiff tripped and fell, and thereby sustained painful, permanent injuries to her right foot and ankle, left knee, hip, and elbow, and both shoulders.

17.     As a direct result of Defendant's negligence described herein, Plaintiff has suffered, and will in the future suffer pain, mental anguish, emotional distress, and loss of enjoyment of life.

18.     As a direct result of Dillard's negligence described herein, Plaintiff has undergone reasonable and necessary medical treatment for her injuries and has incurred damages for costs

Electronically Filed - St Charles Circuit Div - November 06, 2025 - 11:18 AM

related to such medical treatment. Plaintiff will require additional medical treatment and will incur damages for costs related to such medical treatment in the future.

19.    Plaintiff's injuries are permanent and progressive, and she will suffer pain, mental anguish, emotional distress, and loss of enjoyment of life for the rest of her life.

WHEREFORE, Plaintiff Frances Dubose prays for judgment against Defendant Dillard's, Inc., in an amount determined by a jury greater than the jurisdictional minimum of this Court, together with interest as allowed by law, for her cost herein expended, and for such further relief the Court deems just and proper.

Respectfully submitted,

**PAGE LAW, LLC**

*/s/ Michael F. Sheldon*
Michael F. Sheldon, # 73490
9930 Watson Road, Suite 100
St. Louis, MO 63126
P: (314)-835-5806
F: (314)-835-5852
E: michael@pagelaw.com
***Attorney for Plaintiff***